# JUNE 6, 1934

BARNEY BLACKSHEAR V. THE STATE.

No. 16892.   Delivered June 6, 1934.

The opinion states the case.

*J. R. Warren* and *Zeb Spruiell, Jr.,* both of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder, and his punishment assessed at death.

This case was before this court at a former day and will be found reported in 58 S. W. (2d) 105, where a concise statement of the facts appears, and therefore we deem it unnecessary to restate the facts in the present case.

By bill of exception No. 1 the appellant complains of the action of the trial court in lecturing the jury panel for the week and also the special veniremen that were drawn in this case as to their duties. We have carefully examined the bill of exception but fail to find any remark made by the trial judge which could in any way have injured the appellant.

By bill of exception No. 2 the appellant complains of the action of the trial court in overruling his motion for change of venue. A number of witnesses were introduced by the appellant who testified that it was their opinion that the appellant's case had been prejudged and that he could not get a fair and impartial trial in Smith County because the case had been extensively discussed; that two daily newspapers at Tyler, the county seat of Smith County, published a detailed statement of the facts and circumstances alleged to have been discovered by the officers as well as an alleged voluntary confession of the appellant, and also carried a report of each day's proceeding of the former trial of the appellant for the same offense, together with the result of said trial and the assessment of the death penalty as his punishment. The State offered a number of witnesses who testified that it was their opinion that while the case had been given considerable notoriety that a jury could be obtained who would be fair both to the State and the defendant and give him a fair trial. The record further discloses that a special venire was ordered and drawn and approximately 175 special veniremen appeared in obedience to such summons; that each of the special veniremen upon their voir dire examination testified of having heard or read of the former trial and the result of it and knew that the appellant was convicted at his first trial and that the death penalty had been assessed. We believe that the record shows that this case and the result of a former conviction together with the alleged confession of the appellant and all the facts and circumstances tending to establish the offense have been given such publicity, notoriety, and extensive discussion by the citizens of Smith County that a change of venue should be granted, although some of the jurors on their voir dire testified that they had no opinion or that they could lay their opinion aside and try the case wholly upon the testimony adduced under the ruling of the court and the law submitted to them by the court in his charge. It appears from the record that the special veniremen were summoned from different sections of the county and that the case had been discussed in every part of the county. We are constrained to hold that the record in its entirety leads us to

the conclusion that the appellant's case had been prejudged to the extent that it was impossible that he could obtain that character of a fair and impartial trial contemplated by the Constitution. In the case of Richardson v. State, *No. 16,854, decided by this court on the 2nd day of May, 1934, and not yet reported, this court said: "It is the general rule that, if conflicting theories as to prejudice arises from the evidence, the trial court has the discretion of adopting either theory; it being his duty to weigh the evidence. * * * However, when the evidence is such that it leads to the conclusion that bias, prejudice, or prejudgment of the appellant, or his case, is such as to render it improbable that a fair and impartial trial can be given him, the trial court is without discretion to refuse to grant the application." We have therefore reached the conclusion that the appellant's motion for a change of venue should have been granted, and in support of the views herein expressed we refer to the case of Bond v. State, 50 S. W. (2d) 813, and the case of Richardson v. State, supra.

The admission in evidence of the alleged confession was not objected to by the appellant, and we are therefore not required to discuss the same.

We have also carefully examined the other bills of exception and overrule the same.

For the error of the court in declining to grant the appellant's motion for change of venue as hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

*(Reported on page 223 of this volume).